UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff/Respondent,  )<br>  )   Criminal No. 96-57-01 (EGS)<br>    v.           )   Civil No. 00-2736 (EGS)<br>  )<br>DARRON G. GILLIAM,      )<br>  )<br>  Defendant/Petitioner.  )<br>  ) | FILED<br>OCT 2 4 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### MEMORANDUM OPINION

In 1996, Defendant Darron Gilliam was found guilty of armed robbery, use of a firearm during a crime of violence, armed carjacking, first degree theft, and being a convicted felon in possession of a firearm. *See United States v. Gilliam*, 167 F.3d 628, 631-32 (D.C. Cir. 1999). This Court sentenced Defendant to concurrent, mandatory terms of life imprisonment for the robbery and firearm convictions pursuant to the "three strikes" statute, 18 U.S.C. § 3559(c).[1] *Id.* at 632. Defendant's convictions, except for the felon-in-possession conviction, and sentence were affirmed on appeal. *Id.* at 641

Pending before the Court is Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

---

[1] A person convicted "of a serious violent felony shall be sentenced to life imprisonment if . . . the person has been convicted . . . on separate prior occasions of . . . 2 or more serious violent felonies." 18 U.S.C. § 3559(c)(1)(A)(i).

1

Defendant argues that his sentence violated his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Upon consideration of the parties' motions, the responses and replies thereto, and the entire record, the Court conclusively determines that Defendant's *Apprendi* claim fails because *Apprendi* cannot be applied retroactively on collateral review.[2] Therefore, for the reasons stated herein, Defendant's motion is **DENIED**.

Under *Apprendi*, "other than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Defendant claims that the Court improperly found facts regarding his prior convictions, which were not proved to a jury, in order to sentence him under 18 U.S.C. § 3559(c). *Apprendi* was decided, however, after Defendant's direct appeal, and therefore must be applied retroactively to serve as a grounds for relief.

The D.C. Circuit has not yet ruled on the question of whether *Apprendi* may apply retroactively on collateral review. *See United States v. Pettigrew*, 346 F.3d 1139, 1143-44 (D.C. Cir. 2005) (recognizing but not deciding the issue). Virtually every other circuit, however, has ruled that *Apprendi* cannot be applied

---

[2] A court may summarily dismiss a § 2255 motion without a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255; *United States v. Agramonte*, 366 F. Supp. 2d 83, 85 (D.D.C. 2005).

retroactively. *See, e.g., Sepulveda v. United States*, 330 F.3d 55, 61 (1st Cir. 2003) (collecting cases). Several cases in this Court have also reached the same conclusion. *See, e.g., Wyche v. United States*, 317 F. Supp. 2d 1, 10 (D.D.C. 2004) (holding that *Apprendi* does not apply retroactively to cases on collateral review); *United States v. Washington*, 271 F. Supp. 2d 278, 283-84 (D.D.C. 2003) (same).

As this precedent makes clear, *Apprendi* does not meet either of the two tests for retroactive application that were announced in *Teague v. Lane*, 489 U.S. 288, 311-13 (1989). First, it is clear that *Apprendi* does not prevent the state from criminalizing certain kinds of primary, private individual conduct. *See id.* at 311; *Sepulveda*, 330 F.3d at 59. Second, *Apprendi* does not qualify as a watershed rule of criminal procedure because violating its rule does not seriously diminish the likelihood of obtaining an accurate conviction. *See Teague*, 489 U.S. at 313; *Sepulveda*, 330 F.3d at 60; *Wyche*, 317 F. Supp. 2d at 9. Therefore, Defendant's *Apprendi* claim fails because *Apprendi* cannot be applied retroactively.[3] *See Sepulveda*, 330 F.3d at 63-

---

[3] The Court notes that even if *Apprendi* did apply, Defendant's sentence was constitutional. *Apprendi* contains an exception, allowing judges to find "the fact of a prior conviction." 530 U.S. at 490. Under this exception, the Court had authority to decide whether Defendant's prior convictions qualified as "serious violent felonies" for § 3559(c). *See United States v. Snype*, 441 F.3d 119, 148-49 (2d Cir. 2006) (holding that judicial fact-finding for § 3559(c) did not violate

66 (making clear that *Teague* applies to all § 2255 claims).

Accordingly, Defendant's motion to vacate, set aside, or correct his sentence is **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **October 23, 2006**

---

the Sixth Amendment, and noting that the four other circuits to address the issue agreed).